UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SKY ANGEL U.S., LLC, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1834 (RC) |
| | : | | |
| v. | : | Re Document No.: | 11 |
| | : | | |
| NATIONAL CABLE SATELLITE | : | | |
| CORPORATION d/b/a C-SPAN, | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

### I. INTRODUCTION

Before the Court is the plaintiff's motion for leave to conduct limited discovery prior to a Rule 26(f) conference. In June, the Court granted the defendant's motion to dismiss the complaint in its entirety and granted the plaintiff leave to file an amended complaint. In advance of its filing, the plaintiff now seeks limited discovery relating to the identity and conduct of certain corporate actors. For the reasons discussed below, the Court will deny the plaintiff's motion.

### II. FACTUAL BACKGROUND

The plaintiff, Sky Angel U.S., LLC ("Sky Angel"), is the operator of FAVE-TV—a subscription service that distributes real-time content of television networks to television-connected set-top boxes via high-speed internet connections. *See* Compl. (Dkt. No. 1) ¶¶ 7–9. The defendant, National Cable Satellite Corp., doing business as C-SPAN ("C-SPAN"), distributes video of legislative proceedings and other programming via the C-SPAN, C-SPAN2,

and C-SPAN3 networks. *See id.* ¶ 13. In 2009, the C-SPAN programming networks were introduced to FAVE-TV's lineup after the parties entered into an affiliation agreement (the "IPTV Agreement"), but C-SPAN terminated the agreement just a few short days after the networks began to air on FAVE-TV. *See id.* ¶¶ 32-35. In November 2012, Sky Angel initiated the instant litigation against C-SPAN, asserting claims under sections 1 and 2 of the Sherman Antitrust Act of 1890 (the "Sherman Act"). *See* Compl. (Dkt. No. 1) ¶¶ 60–67. On June 3, 2013, the Court granted C-SPAN's motion to dismiss both counts of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) but granted Sky Angel leave to amend. *See generally* Mem. Op. (Dkt. No. 10).

Sky Angel now moves the Court for leave to conduct limited discovery pursuant to Rule 26 in advance of filing its amended complaint. Specifically, it proposes to take up to six depositions related to "identifying the means by which C-SPAN's Board of Directors authorized C-SPAN to block Sky Angel from carrying its programming, the identity of the actors involved, and the identity of any individual(s) interceding on behalf of any third parties to alter C-SPAN's formal business arrangement with Sky Angel." *See* Pl.'s Mot. Disc. (Dkt. No. 11) ¶¶ 2–4.

### III.  LEGAL STANDARD AND ANALYSIS

As a general rule, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by the[] rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard." 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2046.1, at 288 (3d ed. 2010). The Court "has broad discretion

in its resolution of discovery problems that arise in cases pending before it." *Hussain v. Nicholson*, 435 F.3d 359, 363 (D.C. Cir. 2006). But courts tend to find good cause at this early stage only in narrow circumstances, such as where a party seeks information related to the issues of identity, jurisdiction, or venue. *See, e.g.*, *Nu Image, Inc. v. Does 1–23,322*, 799 F. Supp. 2d 34, 36–37 (D.D.C. 2011) (applying a "good cause" standard to a motion for jurisdictional discovery related to the real identities of various IP address assignees).

Sky Angel argues that its proposed discovery falls within the "identity" exception to the Rule 26(d) discovery moratorium. *See* Pl.'s Mem. P. & A. Supp. Mot. Disc. (Dkt. No. 11-1) at 9–11; Pl.'s Reply Mem. P. & A. Supp. Mot. Disc. (Dkt. No. 15) at 3–4. But Sky Angel's proposed discovery goes beyond the mere identity of individual actors—it seeks information relating to "identifying the *means* by which" C-SPAN decided to terminate the IPTV Agreement. *See* Pl.'s Mot. Disc. (Dkt. No. 11) ¶ 2 (emphasis added). Sky Angel points to no case in which a court has granted pre-complaint discovery in order to identify the underlying conduct that gives rise to a cause of action. Rather, the cases it relies upon involve complaints that have survived a motion to dismiss, *see Potts v. Howard Univ.*, 269 F.R.D. 40, 41 (D.D.C. 2010); *Pleasants v. Allbaugh*, 208 F.R.D. 7, 8 (D.D.C. 2002), discovery relating to the non-merits issues of personal jurisdiction or venue, *see Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983), or the identity of individuals who committed conduct already identified and alleged in an operative complaint, *see Nu Image*, 799 F. Supp. 2d at 34.[1] Indeed, the Supreme Court has

---

[1] Sky Angel also cites *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008), for the proposition that courts have "granted plaintiffs leave 'to conduct discovery so that they would have the facts they needed adequately to plead an antitrust violation in their First Amended Complaint.'" Pl.'s Mem. P. & A. Supp. Mot. Disc. (Dkt. No. 11-1) at 8 (quoting *Kendall*, 518 F.3d at 1051). The Court notes that the issue of pre-complaint discovery was not substantively considered by the Ninth Circuit on appeal in that case. And as C-SPAN has pointed out, the case record makes reference only to depositions of parties who had already answered the complaint.

recognized the expensive nature of antitrust discovery and cited it as one of the primary justifications for the Rule 8(a)(2) plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007). The Rule 8 screening function would be rendered toothless if Sky Angel were entitled to pre-complaint discovery in order to fish for conduct that gives rise to an antitrust violation.

In attempting to characterize its discovery requests as limited only to matters of identity, Sky Angel states that "[i]t is already clear from this Court's Memorandum Opinion that a cause of action exists." Pl.'s Reply Mem. P. & A. Supp. Mot. Disc. (Dkt. No. 15) at 3 (citation omitted). But in requesting discovery related to the *means* by which C-SPAN's decided to terminate the IPTV Agreement, *see* Pl.'s Mot. Disc. (Dkt. No. 11) ¶ 2, Sky Angel tacitly recognizes that its original complaint was dismissed for more than mere failure to identify individual actors. By failing to plead multiple actors, Sky Angel necessarily failed to plead the conduct *between* the actors—that is, the requisite "contract, combination, or conspiracy" that satisfies the Sherman Act's "concerted activity" requirement. *See* Mem. Op. (Dkt. No. 10) at 13–14 (citing *Twombly*, 550 U.S. at 553). And although Sky Angel appears certain that C-SPAN's sudden termination of the IPTV Agreement could only have come about as a result of foul play, *see* Pl.'s Mem. P. & A. Supp. Mot. Disc. (Dkt. No. 11-1) at 5–6, the Court notes the speculative nature of that assertion and declines to depart from the normal order of discovery in order to indulge Sky Angel's theory at this stage.

---

*See* Def.'s Opp'n Mot. Disc. (Dkt. No. 14) at 7. *See generally Kendall v. Visa U.S.A., Inc.*, No. 3:04-cv-04276-JSW (N.D. Cal.). Even assuming that *Kendall* does stand for the proposition that courts may authorize pre-complaint discovery in order to allow a plaintiff to discover the facts needed to adequately plead an antitrust violation, the Court declines to disregard the Rule 8 screening function and rely on out-of-circuit case law to authorize such discovery in this case.

Finally, the Court finds that there is no good cause for pre-complaint discovery based on Sky Angel's own concession that such discovery is not necessary. Sky Angel has stated that it will amend its complaint even without the requested discovery based on additional information already in its possession. *See id.* at 11. In view of this fact, the Court finds that the benefit of the requested discovery is outweighed by the burden and expense it would inflict upon C-SPAN and the third parties identified as potential deponents. *See* Def.'s Opp'n Mot. Disc. (Dkt. No. 14) at 15 n.2.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Sky Angel's motion for discovery. In accordance with the Court's June 28, 2013 minute order, Sky Angel's amended complaint will now be due on August 5, 2013. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 24th day of July, 2013.

RUDOLPH CONTRERAS  
United States District Judge